UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:14-CR-60128-ROSENBERG/AUGUSTIN-BIRCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CLIFFORD SMITH,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
ADMISSION TO VIOLATION NUMBERS 1, 2, AND 3 OF THE
PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION [DE 40]**

This cause is before the undersigned United States Magistrate Judge upon order of reference from the Honorable Robin L. Rosenberg. DE 54. The Court held a hearing on November 18, 2024, on the Petition for Warrant for Offender Under Supervision (the "Petition").[1] DE 40. Assistant United States Attorney David Snider appeared on behalf of the Government. Defendant Clifford Smith was present and represented by Assistant Federal Public Defender Caroline McCrae. United States Probation Officer Raymond Gravie appeared on behalf of the United States Probation Office.

1. The Petition was filed on August 5, 2020, alleging the following violations of supervised release:

**Violation Number 1**  **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On or about July 6, 2020, the defendant submitted a urine specimen that tested positive for the presence of marijuana in our local laboratory and subsequently confirmed positive by Alere Toxicology Services, Inc.

---

[1] The Government stated during the hearing that it intends to ask Judge Rosenberg to dismiss the Superseding Petition for Offender Under Supervision. *See* DE 53.

| | |
|---|---|
| **Violation Number 2** | **Violation of Special Condition**, by failing to participate in an approved treatment program.  On or about July 22, 2020, the defendant was unsuccessfully discharged from Compass Health Systems, Inc. for missing three consecutive substance abuse treatment sessions. |
| **Violation Number 3** | **Violation of Standard Condition**, by failing to follow the instructions of the probation officer.  On or about July 10, 2020, the defendant was instructed to report to the United States Probation office to submit to urine testing.  As of this writing, the defendant has failed to follow said instructions and has failed to make himself available for supervision. |

2. The Court placed Defendant under oath during the hearing.

3. Defendant stated that he wished to admit to Violation Numbers 1, 2, and 3 as set forth in the Petition.

4. The Court advised Defendant of his right to have the District Judge assigned to this case conduct the hearing to accept his admission.  The Court advised that it was conducting the hearing at the request of Defendant, his attorney, and the Assistant United States Attorney.  The Court advised that the District Judge assigned to the case will be the sentencing Judge, will schedule and conduct the sentencing hearing, and will make all findings and rulings concerning Defendant's sentence.  The Court advised that Defendant did not have to permit the Court to conduct the hearing and could request that the District Judge conduct the hearing instead.  Defendant, his attorney, and the Assistant United States Attorney all knowingly and voluntarily consented to have a United States Magistrate Judge conduct the hearing to accept Defendant's admission.

5. The Court questioned Defendant on the record to confirm that he understood his right to an evidentiary hearing.  Defendant acknowledged that he understood his rights and that, if his admission is accepted, all that will remain is for the District Judge to conduct a sentencing hearing for final disposition of this matter.

6. The Government recited the possible maximum penalties that Defendant faces. Defendant stated that he understood the penalties.

7. The Government proffered a factual basis to support Defendant's admission. Defendant agreed that the facts as stated by the Government are true and correct and that the Government could prove those facts at an evidentiary hearing.

8. Defendant then admitted to Violation Numbers 1, 2, and 3 as set forth in the Petition.

9. The Court finds that Defendant is competent to admit to Violation Numbers 1, 2, and 3 as set forth in the Petition and that his admission is knowing and voluntary.

10. Having considered the factual proffer and Defendant's admission thereto, the Court finds that there is a sufficient factual basis to support Defendant's admission to Violation Numbers 1, 2, and 3 as set forth in the Petition.

**ACCORDINGLY**, this Court recommends that the District Court accept Defendant's admission to Violation Numbers 1, 2, and 3 as set forth in the Petition, find that Defendant violated the terms of his supervised release, and conduct a sentencing hearing for the final disposition of this matter.

The parties have 14 days from the date of this Report and Recommendation within which to file objections, if any, with Judge Rosenberg. Under Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives a party's right to review and bars the party from attacking on appeal any legal rulings or factual findings contained herein.

**DONE AND RECOMMENDED** in Chambers at Fort Lauderdale, Florida, this 18th day of November, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE